UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TFS CAPITAL SOLUTIONS | CIVIL ACTION |
| VERSUS | NO. 10-1915 |
| KO & ASSOCIATES, L.L.C. | SECTION "K"(4) |

### ORDER AND OPINION

On December 8, 2010, the Court heard oral argument on plaintiff TFS Capital Solutions's "Motion Seeking Relief Associated with the Failure of KO & Associates, LLC, to Comply With This Court's Order Pursuant to LA. R.S. § 13:3862" (Doc. 28). For the reasons stated on the record at that hearing, as supplemented herein, the Court hereby orders that KO & Associates, L.L.C. and its member Khaled Kasem be held in civil contempt for failure to comply with the Court's order entered July 13, 2010 (Doc. 13).

BACKGROUND

Plaintiff TFS Capital Solutions ("TFS") filed suit against KO & Associates seeking to collect amounts due under a Combination Loan and Security Agreement ("Agreement"), as well as recognition of a security interest on certain equipment ("Equipment"), and issuance of a writ of sequestration on the following Equipment:

> ONE (1) USED 2004 TEREX TH644C TELEHANDLER S/N TH644C-56099; ONE (1) USED 1999 GENIE Z45/25 BOOM LIFT S/N Z4525-10063; ONE (1) USED 1999 GENIE S60 BOOM LIFE S/N S60-4118; ONE (1) USED TEREX TH636C TELEHANDLER S/N TH636-8022, All of the above to include attachments, replacements, substitutions, additions and accessories thereof, plus the proceeds of all the foregoing, and all leaves, other

> chattel paper, rentals, accounts, general intangibles and other income relating thereto and arising therefrom and all cash and non-cash proceeds thereof.

(Doc. 1).  Thereafter the Court entered an Order of Sequestration (Doc. 9), and on July 13, 2040, the Court entered an Order Pursuant to LA. R.S. §13:3862 (Doc. 13) which compelled KO & Associates to either deliver the equipment to the United States Marshal for the Eastern District of Louisiana or "[i]nform the Marshal and TFS of the precise location of the Equipment and refrain from moving the Equipment from that location."  The Order Pursuant to LA. R.S. §13:3862 also mandates that:

> [S]hould KO & Associates, LLC, file to so deliver the Equipment to the Marshal immediately upon service of this Order or fail to inform the Marshal and TFS of the precise location of the Equipment and refrain from moving the Equipment from that location, that TFS Capital Solutions shall file a motion for KO & Associates to show cause why it should not be punished pursuant to La. R.S. §3862 as a contempt of court of court for the failure to comply with this Order.

Doc. 13.  The record reflects that TFS served KO & Associates with copies of all relevant record documents, including the Order Pursuant to LA. R.S. §13:3862.  Doc.28-2.  After several months elapsed and KO & Associates failed to deliver the Equipment to the Marshal or inform the Marshal or TFS of the precise location of the Equipment, TFS filed its motion to enforce the Court's prior order and scheduled it for hearing on December 8, 2010.  At that hearing no one appeared on behalf of KO & Associates.

## LAW AND ANALYSIS

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by respondent, 3) and that the respondent failed to comply with the court's order." *American Airlines, Inc. v. Allied Pilots Ass'n.*, 228 F.3d 674, 581 (5th Cir.  2000) (internal quotation and


citation omitted).  TSF has satisfied it's burden, and KO & Associates has failed to appear or offer any explanation for its failure to comply with the Court's order to advise either the Marshal or TSF of the precise whereabouts of the Equipment at issue.  Therefore, the Court finds KO & Associates to be in civil contempt for violating the Court's July 13, 2010 order.

Plaintiff also seeks to have Khaled Kasem, a member of TSF found guilty of a civil contempt violation.  A person who is "not a party to the suit, [may be] guilty of contempt for violation of the order of that court, made in that suit . . .." *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 325, 24 S.Ct. 665, 48 L.Ed.2d 997 (1904).   To put it another way, a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it.  *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000).

At the hearing on this motion TFS produced evidence establishing that Khaled Kasem is a member of the limited liability company and that he received notice of this Court's July 13, 2010, order that KO & Associates either deliver the Equipment to the Marshal or inform the Marshal or TSF of the current location of the Equipment.  The Court finds that Khaled Kasem had notice of the July 13th order and the responsibility to comply with the order and therefore concludes that Khaled Kasem is guilty of contempt.  Accordingly,

**IT IS ORDERED** that KO & Associates and Khaled Kasem be held in contempt of this Court's order of July 13, 2010;

**IT IS FURTHER ORDERED** that in order to cure this contempt that KO & Associates and Khaled Kasem appear before this Court on **January 12, 2011** at **9:30 a.m.** and provide the Court with the then current, precise location of the Equipment at issue.

New Orleans, Louisiana, this 13th day of December, 2010.

```
                                        STANWOOD R. DUVAL, JR.
                                        UNITED STATES DISTRICT JUDGE
```

**PLEASE HAVE U.S. MARSHAL SERVE:**

KO & Associates, LLC
c/o Khaled Kasem
712 Terry Parkway, Ste. A
Gretna, LA 70056

Khaled Kasem
712 Terry Parkway, Ste. A.
Gretna, LA 70056